**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50198 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00676-JM-1 |
| v. | |
| JOSE DE JESUS GONZALEZ-ARREOLA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Argued and Submitted July 8, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Jose de Jesus Gonzalez-Arreola (Gonzalez) appeals the denial of his motion

to dismiss the indictment charging him with attempted reentry after a prior removal

in violation of 8 U.S.C. § 1326(a).  We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** An alien who "has been denied admission, excluded, deported, or removed" commits a crime if the alien "enters, attempts to enter, or is at any time found in" the United States. 8 U.S.C. § 1326(a). One of the elements of a § 1326 conviction is a prior order of removal. *See id.* § 1326(a)(1). An alien facing criminal charges may initiate a collateral attack on the underlying removal order pursuant to § 1326(d) if, among other things, "the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result." *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1043 (9th Cir.) (citation omitted), *cert. denied*, 133 S. Ct. 322 (2012).

**2.** We agree with the district court that the termination of Gonzalez's temporary status returned him to the position of a person who entered without inspection and who was thereby removable. *See* 8 C.F.R. § 245a.2(u)(4); *see also United States v. Hernandez-Arias*, No. 12-50193, –F.3d– (9th Cir. March __ 2014). Nor was Gonzalez eligible for relief from removal in 1996. *See United States v. Arce-Hernandez*, 163 F.3d 559, 563 (9th Cir. 1999), *as amended* (noting that an alien must demonstrate prejudice by showing "plausible grounds for relief from deportation"). Gonzalez's convictions weighed heavily against the discretionary grant of voluntary departure. *See United States v. Rojas-Pedroza*, 716 F.3d 1253, 1265-66 (9th Cir.) (cataloguing cases affirming denial of voluntary departure

2

where petitioners had been convicted of less serious crimes than Gonzalez), *cert. denied*, 134 S. Ct. 805 (2013). We reject Gonzalez's argument, raised for the first time on appeal, that he was eligible for a § 212(h) waiver. Gonzalez cannot show plausible grounds for § 212(h) relief because he does not identify an "immediately available" visa. *See United States v. Moriel-Luna*, 585 F.3d 1191, 1198 (9th Cir. 2009) (noting that "[b]ecause a visa petition had neither been filed [on the alien's behalf] at the time of his hearing nor could have been filed . . . the government has persuasively shown that a visa was not immediately available" in satisfaction of the § 212(h) requirements). The immigration judge (IJ) was not required to advise Gonzalez to marry his girlfriend for the purpose of obtaining an "immediately available" visa. *See id.* at 1197-98 (noting that an IJ is not required to "act creatively to advise an immigrant of ways in which his legal prospects at forestalling deportation might improve with fundamental changes in his status").

**3.** Because we resolve this case on the ground that Gonzalez was removable and ineligible for plausible relief in 1996, we need not and do not address any other issues raised by Gonzalez.

**AFFIRMED.**